UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

LEON Z. KYLES, JR.,

    Petitioner,

        v.                       CAUSE NO. 3:20-CV-959-JD-MGG

WARDEN,

    Respondent.

## OPINION AND ORDER

Leon Z. Kyles, Jr., a prisoner without a lawyer, filed a habeas petition challenging his detention at the Westville Correctional Facility. On December 10, 2007, the Allen Superior Court sentenced him as a habitual offender to thirty years of incarceration for unlawful possession of a firearm. He was released on parole, but, on July 30, 2019, the Indiana Parole Board revoked it. On July 28, 2020, Kyles had another hearing before the Indiana Parole Board but was not released on parole. Pursuant to Section 2254 Habeas Corpus Rule 4, the court must dismiss the petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."

In the petition, Kyles argues he is entitled to habeas relief because he was erroneously sentenced as a habitual offender. He further argues that he is entitled to habeas relief because his parole officer refused to disclose material information and incorrectly advised him to waive his preliminary hearing prior to the parole revocation

hearing in July 2019. The statute of limitations for habeas corpus cases is set forth in 28 U.S.C. § 2244(d), which provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

For the sentencing claim, the limitations period began to run at the conclusion of his direct appeal. The Court of Appeals of Indiana affirmed Kyles' conviction and sentence on direct appeal on June 19, 2008, and Kyles did not file a petition to transfer his case to the Indiana Supreme Court. Therefore, his conviction became final for purposes of 28 U.S.C. § 2244(d)(1)(A) when the time for petitioning the Indiana Supreme Court for a transfer expired on August 4, 2008. *See* Ind. App. R. 57(c)(1)

2

(petition for transfer must filed within forty-five days after adverse decision). According to the petition, Kyles did not initiate any post-conviction proceedings in State court, so the federal limitations period expired one year later on August 4, 2009. As a result, when Kyles filed this habeas petition in November 2020, he was more than eleven years too late. Therefore, the claim that he should not have been designated as a habitual offender for purposes of sentencing is untimely.

With respect to Kyles' claim that the parole officer prevented him from receiving a fair parole revocation hearing, the limitations period began to run when he discovered the factual predicate for his claim. This discovery necessarily must have occurred by the date of the parole revocation hearing on July 30, 2019. The one-year limitations period for this claim expired on July 30, 2020, but Kyles did not file the habeas petition until three months later. Therefore, the allegations regarding his parole officer are untimely.

Kyles explains that he has had limited access to the law library since July 2019, which the court construes as an argument for equitable tolling. "[A] petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010). For diligence, federal habeas petitioners must show reasonable diligence in pursuing their rights throughout the federal limitations period and until the date the habeas petition is filed. *Carpenter v. Douma*, 840 F.3d 867, 870 (7th Cir. 2016). Kyles does not represent that he made any effort to file a petition challenging his parole revocation in federal court or in State court within the one-year limitations period or the three months that followed. He

has attached correspondence showing that he sought additional information related to his parole revocation in late 2019, but these efforts did not extend into 2020, nor does it appear that such information was necessary to file a petition challenging the revocation. On this record, the court cannot find that Kyles is entitled to equitable tolling.

Kyles also argues that he is entitled to habeas relief because parole officials did not provide him with information related to his revocation prior to his parole hearing in July 2020. The Constitution entitles parolees to procedural due process for parole revocation hearings, but "[t]here is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence." *Greenholtz v. Inmates of Nebraska Penal and Correctional Complex*, 442 U.S. 1, 7 (1979). Further, while a State's particular parole system could create a liberty interest that entitles an inmate to procedural due process, the parole system for the State of Indiana has not. *Huggins v. Isenbarger*, 798 F.2d 203, 206 (7th Cir. 1986); *Averhart v. Tutsie*, 618 F.2d 479, 482 (7th Cir. 1980); *Murphy v. Indiana Parole Bd.*, 397 N.E.2d 259, 263 (Ind. 1979). Therefore, the claim related to his parole hearing in July 2020 is not a basis for habeas relief.

Pursuant to Section 2254 Habeas Corpus Rule 11, the court must consider whether to grant or deny a certificate of appealability. To obtain a certificate of appealability when a petition is dismissed on procedural grounds, the petitioner must show that reasonable jurists would find it debatable (1) whether the court was correct in its procedural ruling and (2) whether the petition states a valid claim for denial of a constitutional right. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Here, there is no basis for finding that reasonable jurists would debate the correctness of this procedural ruling.

Therefore, there is no basis for encouraging Kyles to proceed further, and a certificate of appealability is denied.

For these reasons, the court:

(1) DISMISSES the habeas petition (ECF 1) because it is untimely;

(2) DENIES Leon Z. Kyles, Jr., a certificate of appealability pursuant to Section 2254 Habeas Corpus Rule 11; and

(3) DIRECTS the clerk to close this case.

SO ORDERED on December 4, 2020

/s/JON E. DEGUILIO
CHIEF JUDGE
UNITED STATES DISTRICT COURT